GARY M. RESTAINO
United States Attorney
District of Arizona
VICTORIA H. GRAY
Assistant United States Attorney
Arizona State Bar No. 037472
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Victoria.Gray2@usdoj.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Sharp-Stilliard, | No. CV-23-02519-PHX-SRB |
| Plaintiff, | **MOTION TO VACATE SCHEDULING CONFERENCE AND REQUEST FOR PLACEMENT ON EXPEDITED TRACK** |
| v. | |
| United States Department of Homeland Security Immigration and Customs Enforcement, | |
| Defendant. | |

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, moves to vacate the Court's Order setting a Rule 16 Scheduling Conference for February 22, 2024 (Doc. 12) and requests that the case be assigned to the Expedited Track pursuant to LRCiv 16.2(b)(1)(A)(i). This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Background**

This action seeks review of Defendant's response to Plaintiff's request for documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Doc. 1. The FOIA request was made in the course of discovery in *Terry v. Sharp-Stilliard, et al.*, Maricopa County Superior Court Case No. CV2020-056304, a civil lawsuit pending against Ms. Sharp-Stilliard, a high school teacher accused of having sexually assaulted her underage student, Colton Terry, while on a school trip to Vancouver, British Columbia. Doc. 1-1 at Ex. 1. Following dispositive motions practice, the Superior Court matter has been set for a 10-day jury trial in October 2024. *See* Minute Entry dated September 14, 2023 (available at https://courtminutes.clerkofcourt.maricopa.gov/viewerME.asp?fn=Civil/092023/m10577352.pdf (last visited February 6, 2024)).

Ms. Sharp-Stilliard alleges that she requested all records from ICE related to its investigation of the alleged sexual assault, including ICE's interview of Mr. Terry. Doc. 1 at ¶¶ 7, 24. ICE responded to the FOIA request by producing 2 pages in their entirety, but redacting portions of the remaining 71 pages pursuant to certain FOIA exemptions and the Federal Victims' Protection and Rights Act. *See* Doc. 1-1 at 17-19. Ms. Sharp-Stilliard alleges that Mr. Terry has "implicitly waived any protections under the Federal Victims' Protection and Rights Act, 18 U.S.C. § 3509(d)" by filing a lawsuit for civil damages against her. Doc. 1 at ¶ 22. She seeks an order directing ICE to "disclose the requested records in their entireties and make copies available to [Ms. Sharp-Stilliard]." *Id.* at ¶ A.

## II.  LRCiv 16.2 – Differentiated Case Management

Local Rule of Civil Procedure 16.2(b)(1)(A)(i) provides that "[u]nless otherwise ordered by the assigned District Judge[,]" FOIA actions must be assigned to the Expedited Track. "Cases are assigned to this track based on nature of suit, and are those that usually are resolved on pleadings." LRCiv 16.2(b)(1)(A)(i). Under LRCiv 16.2(b)(1)(B), the Court may set the deadlines for the case management of the action without holding a scheduling conference.

Here, it is undisputed that the instant action is brought pursuant to FOIA. As such, Defendant requests that this action be placed on the Expedited Track.

//

**III.     Discovery Is Not Necessary in this FOIA Action**

Because the underlying dispute revolves around the propriety of revealing certain documents, discovery is not typically a part of FOIA cases. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *Weiner v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991); *Broaddrick v. Exec. Office of the President*, 139 F.Supp.2d 55, 63 (D.D.C. 2001)). "As a general rule, all FOIA determinations should be resolved on summary judgment." *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988)). On motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *Hardy v. U.S. Dep't of Defense*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *2 (D. Ariz. Aug. 27, 2001) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

There are exceptions to the general rule precluding discovery in FOIA cases. Discovery may be appropriate if a plaintiff can demonstrate that the affidavits used to support the defendant-agency's motion for summary judgment were submitted in bad faith. *Withey v. Fed. Bureau of Investigation*, No. C18-1635-JCC, 2020 WL 885974, at *2 (W.D. Wash. Feb. 24, 2020) ("Although discovery is generally unavailable in FOIA cases, courts sometimes permit discovery if an agency does not adequately explain its search process or if the agency submits a declaration in bad faith."); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 108CV00358OWWSMS, 2009 WL 160283, at *2 (E.D. Cal. Jan. 21, 2009) (recognizing that discovery may be appropriate if a plaintiff presents a sufficient showing that the defendant-agency submitted affidavits in bad faith).

At this stage, discovery is not appropriate. ICE has not yet filed its motion for summary judgment and until that time, any request for discovery is premature. *See Lion Raisins, Inc.*, 2009 WL 160283, at *3 ("Without the [defendant-agency's] position and evidence on substantive matters pertinent to disposition of this case (e.g., the extent of its search for responsive records), there is not enough information to conclusively determine,

at this time, whether or to what extent discovery should be permitted, or whether this case or particular issues can be properly decided without discovery.").

### IV. Conclusion

Based on the foregoing, Defendant respectfully requests that the Court vacate the Rule 16 Scheduling Conference set for February 22, 2024 (Doc. 12) and assign this case to the Expedited Track.

Respectfully submitted this 7th day of February 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Victoria H. Gray*
VICTORIA H. GRAY
Assistant United States Attorney
