GARY M. RESTAINO
United States Attorney
District of Arizona
Victoria H. Gray
Assistant U.S. Attorney
Arizona State Bar No. 037472
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Victoria.Gray2@usdoj.gov
*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Sharp-Stilliard, | No. CV-23-02519-PHX-SRB |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY AND FOR RULE 56(d) RELIEF** |
| United States Department of Homeland Security Immigration and Customs Enforcement, | |
| Defendant. | |

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion to Stay and for Rule 56(d) Relief. Doc. 20. This Response is supported by the following Memorandum of Points and Authorities and by all matters of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

This action concerns the adequacy of Defendant's search in response to Plaintiff's request for documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Doc. 1. The FOIA request was made in the course of discovery in *Terry v. Sharp-Stilliard, et al.*, Maricopa County Superior Court Case No. CV2020-056304, a civil lawsuit

1   pending against Mrs. Sharp-Stilliard, a high school teacher accused of having sexually
2   assaulted her underage student, C.T. (hereinafter, the "Minor Victim"), while on a school
3   trip to Vancouver, British Columbia.  Doc. 1-1, Ex. 1 at 2.
4        As shown in Defendant's Motion for Summary Judgment, Defendant conducted an
5   adequate search under the FOIA.  Doc. 18.  Plaintiff's Motion to Stay and for Rule 56(d)
6   Relief does nothing more than argue that a recorded interview of the Minor Victim may
7   have been in Defendant's possession at some time.  Doc. 20.  Assuming a recorded
8   interview of the Minor Victim existed—which Defendant challenges—that assumption is
9   not inconsistent with the results of Defendant's search, which established that Defendant
10  does not have a recorded interview of the Minor Victim.  Doc. 18 at 10; Doc. 19 at ¶¶ 13,
11  17, 19.
12       Plaintiff alleges that in November 2022, her counsel had a telephone conversation
13  with Austin Berrier, the HSI Special Agent responsible for the investigation into the alleged
14  sexual assault, wherein Special Agent Berrier "informed [counsel] that he audio recorded"
15  the interview of the Minor Victim.  Doc. 20 at 4.  Plaintiff requests that she "be allowed to
16  take the deposition of Special Agent Berrier to confirm that fact and attempt to ascertain
17  what happened to that statement."  Doc. 20 at 6.
18       Defendant, primarily through HSI Special Agent Berrier, dutifully searched for and
19  produced all responsive documents subject to statutory withholdings.  Doc. 18 at 2; Doc.
20  19 at ¶¶ 6-14.  No recorded interview of the Minor Victim was located—whether recorded
21  by HSI or any other agency—nor was there reference to an HSI recorded interview of the
22  Minor Victim in HSI's Reports of Investigation ("ROIs").  Doc. 18 at 2; Doc. 19 at ¶¶ 13,
23  17, 19.  Discovery is not warranted in this matter.
24  **I.    PLAINTIFF IS NOT ENTITLED TO DISCOVERY.**
25       "Procedurally, district courts typically decide FOIA cases on summary judgment
26  before a plaintiff can conduct discovery."  *Lawyers' Comm. for Civil Rights of S.F. Bay
27  Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing
28  *Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir. 1994)).  Discovery in a FOIA action is "sparingly

granted," and "is only appropriate when an agency has not taken adequate steps to uncover responsive documents." *Id.* at 1131-32 (quoting *Jones*, 41 F.3d at 242). Discovery will be denied where the "agency's declarations are reasonably detailed, submitted in good faith, and the court is satisfied that no factual dispute exits." *Id.* at 1132 (quoting *Jones*, 41 F.3d at 242).

Under Rule 56(d), a court may deny or defer ruling on a motion for summary judgment where the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion]." *Am. Ctr. for L. & Just. v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 91 (D.D.C. 2018) (citing Fed. R. Civ. P. 56(d)). A party seeking relief under Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Bioscience Advisors, Inc. v. United States Sec. & Exch. Comm'n*, No. 21-CV-00866-HSG, 2023 WL 163144, at *8 (N.D. Cal. Jan. 11, 2023). "The implication, then, is that the requested discovery would alter the court's determination, rather than serve as a fishing expedition." *Am. Ctr. for L. & Just.*, 289 F. Supp. 3d at 91 (internal citations omitted); *see also Bioscience Advisors, Inc.*, 2023 WL 163144, at *8 (denying Rule 56(d) relief where proposed discovery was "not essential to oppose the summary judgment motion").

**A. Defendant Conducted an Adequate Search and Plaintiff Fails to Show that the Sought-After Discovery is Essential to Opposing Defendant's Motion for Summary Judgment.**

To prevail in a FOIA action where the adequacy of the search is at issue, the Defendant agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985). "Courts do not focus on 'whether there might exist any other documents possibly responsive to the [FOIA] request, but rather whether the *search* for those documents was *adequate*.'" *Albers v. FBI*, No. 16-cv-05249-BHS, 2017 WL 736042, at *3 (W.D. Wash. Feb. 24, 2017) (quoting *Zemansky*, 767 F.2d at 571) (alteration and emphasis in original).

1    Thus, the focus is on the effort, not on the result.  *See id*.

2          The agency is therefore under a duty to conduct a "reasonable" search for responsive

3    records using methods that can be reasonably expected to produce the information

4    requested to the extent they exist.  *See* 5 U.S.C. § 552(a)(3)(C); *Zemansky*, 767 F.2d at 571.

5    While "there is no requirement that an agency search every record system

6    . . . or that a search be perfect . . . the search must be conducted in good faith using methods

7    that are likely to produce the information requested if it exists."  *Rodriguez v. McLeod*, No.

8    08-cv-0184, 2008 WL 5330802, at *2 (E.D. Cal. Dec. 18, 2008).   Accordingly, the

9    adequacy of the search is "generally determined *not* by the fruits of the search, but by the

10   appropriateness of the methods used to carry out the search."  *Iturralde v. Comptroller of*

11   *Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (emphasis added).

12         As set forth in the Declaration of Fernando Pineiro, attached as Exhibit 1 to

13   Defendant's Statement of Facts in Support of its Motion for Summary Judgment,

14   Defendant made a reasonable effort to search its files for documents, including any

15   recorded interview of the Minor Victim, using methods that would be reasonably expected

16   to locate any such documents.  Doc. 19 at ¶¶ 3-13, 16-19; Doc. 19-1, Ex. 1 at 2-9.

17         The reason that Defendant cannot locate a recorded interview of the Minor Victim

18   is simple—HSI never conducted one, and if another law enforcement agency did, it was

19   not provided to HSI and was therefore never placed in Defendant's files.  Doc. 19 at ¶¶ 13,

20   17, 19.  Moreover, assuming a recorded interview of the Minor Victim existed—which

21   Defendant challenges—that assumption is not inconsistent with the results of Defendant's

22   search, which established that Defendant does not have a recorded interview of the Minor

23   Victim.  Doc. 18 at 10; Doc. 19 at ¶¶ 13, 17, 19.

24         Despite conducting a reasonable search designed to locate all responsive documents,

25   Defendant took additional steps to confirm the reasonableness of its search based on

26   Plaintiff's insistence that Defendant recorded an interview of the Minor Victim.  Doc. 19

27   at ¶¶ 17-19.  Defendant identified the Special Agent in charge of the investigation at the

28   Phoenix Field Office (Austin Berrier) as an individual likely to have responsive records

and tasked him to conduct not one, but two searches of multiple systems.  Doc. 19 at ¶¶ 8-12, 18-19.  Special Agent Berrier confirmed that no recorded interview of the Minor Victim was located (whether recorded by HSI or any other agency), nor was there reference to an HSI recorded interview of the Minor Victim in HSI's ROIs for the investigation.  Doc. 19 at ¶¶ 13, 19.

Plaintiff alleges that in November 2022, her counsel had a telephone conversation with Special Agent Berrier wherein Special Agent Berrier "informed [counsel] that he audio recorded" the interview of the Minor Victim.  Doc. 20 at 4.  Plaintiff requests that she "be allowed to take the deposition of Special Agent Berrier to confirm that fact and attempt to ascertain what happened to that statement."  Doc. 20 at 6.

The fundamental question, however, is not whether other documents possibly responsive to the request might exist, but rather "whether the *search* for those documents was *adequate*."  *Zemansky*, 767 F.2d at 571 (emphasis in original) (noting the adequacy of an agency's search is judged by a standard of reasonableness).  In fact, "Plaintiff's incredulity at the fact that no responsive documents were uncovered in response to one aspect of its search request does not constitute evidence of unreasonableness or bad faith."  *See Bay Area Laws. All. for Nuclear Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1295 (N.D. Cal. 1992) (denying Rule 56(d) relief where plaintiff "made no showing that the search was not adequate").

Because the adequacy of a search under FOIA is determined by the search itself—not the results—Plaintiff fails to show that additional discovery would preclude summary judgment.  *See Bioscience Advisors, Inc.*, 2023 WL 163144, at *8 (plaintiff must demonstrate that the "sought-after facts are essential to resist the summary judgment motion").  The Court should therefore deny Plaintiff's Motion to Stay and for Rule 56(d) Relief and grant Defendant's Motion for Summary Judgment.  *See Bay Area Laws. All. for Nuclear Arms Control*, 818 F. Supp. at 1295 (denying Rule 56(d) relief where plaintiff "made no showing that the search was not adequate"); *Bioscience Advisors, Inc.*, 2023 WL 163144, at *7-8 (granting defendant's motion for summary judgment and denying

Plaintiff's motion for Rule 56(d) relief where the search was adequate and proposed discovery was "not essential to oppose the summary judgment motion"); *Finney v. Soc. Sec. Admin.*, No. 2:12-CV-2805, 2014 WL 1025561, at *10 (E.D. Cal. Mar. 14, 2014) (denying Rule 56(d) relief where defendant "conducted an adequate search that did not uncover records responsive to [plaintiff's request]"); *Schoeffler v. U.S. Dep't of Agric.*, No. CV-17-00055-PHX-GMS, 2018 WL 1182555, at *4 (D. Ariz. Mar. 7, 2018), *aff'd*, 795 F. App'x 526 (9th Cir. 2020) (denying discovery where defendant "undertook a search reasonably calculated to return all relevant documents"); *Finney v. Soc. Sec. Admin.*, 692 F. App'x 907, 908 (9th Cir. 2017) ("The district court did not abuse its discretion in denying [plaintiff's] Federal Rule of Civil Procedure 56(d) motion because [plaintiff] failed to show how allowing additional discovery would have precluded summary judgment."); *Weewee v. I.R.S.*, No. CIV-99-475-T-JMR GEE, 2001 WL 283801, at *5 (D. Ariz. Feb. 13, 2001) (granting summary judgment to the defendant on the adequacy of the search and noting that the defendant did not find the particular document that the plaintiff alleged existed because "there were no files to be found").

**B.  <u>The Declaration of Fernando Pineiro is Sufficient under FOIA.</u>**

"In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky*, 767 F.2d at 571. These declarations "are accorded a presumption of good faith," and, absent contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Ford v. U.S. Dep't of Justice*, No. 07-cv-1305, 2008 WL 2248267, at *2 (D.D.C. May 29, 2008) (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)) (approving reliance on affidavit of agency employee responsible for coordinating FOIA search, although affidavit contained information provided to the affiant through her interviews of other individuals).

Plaintiff contends that Defendant's Motion for Summary Judgment should be denied because the Declaration of Fernando Pineiro is "not admissible" because Pineiro "has literally zero first-hand knowledge of whether Defendant actually conducted a

reasonable search for records responsive to Plaintiff's FOIA request."  Doc. 20 at 7, 11. Plaintiff misunderstands the applicable legal standard.

Plaintiff is correct that under Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Doc. 20 at 7-8.  However, in the FOIA context, "'[a]n affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy' the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)."  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994)) (noting that "there is no need for the agency to supply affidavits from each individual who participated in the actual search"); *see also Langton v. U.S. Dep't of Homeland Sec.*, No. CV-20-00099-PHX-JZB, 2020 WL 4607251, at *2 (D. Ariz. Aug. 11, 2020) (applying legal standard outlined in *Lahr*).

In fact, "[a]ffidavits that describe what was searched and by whom are enough to establish an adequate search."  *Bioscience Advisors, Inc.*, 2023 WL 163144, at *7 (citing *Lawyers' Comm. for C.R. of San Francisco Bay Area*, 534 F. Supp. at 1131) (holding that Defendant demonstrated the adequacy of the search through affidavits which "explain[ed] who handled Plaintiffs' FOIA requests and how those professionals conduct[ed] their searches . . . [and] substantiate[d] why this approach was reasonably calculated to uncover such documents").

Despite protests to the contrary, Plaintiff's "preferred investigative project was not required for the searches conducted to be adequate."  *See id.*; *Lahr*, 569 F.3d at 990 (denying plaintiff's request that agency affidavits be made based on personal knowledge where plaintiff pointed to no authority that "proof of fraud obviates the general rule applicable in FOIA cases that an affiant need not have personally conducted the search"). The Declaration of Fernando Pineiro (Doc. 19-1, Ex. 1) demonstrates that Defendant conducted a "diligent search for . . . [responsive] documents in the places in which they

might be expected to be found." *See Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 772 (9th Cir. 2015).  The fact that Defendant does not have the records Plaintiff seeks does not mean that the search was inadequate, it simply means that Defendant does not have those records.  *See Bay Area Laws. All. for Nuclear Arms Control*, 818 F. Supp. at 1295 ("Plaintiff's incredulity at the fact that no responsive documents were uncovered in response to one aspect of its search request does not constitute evidence of unreasonableness [of the search] or bad faith.").

Plaintiff's request for discovery is further unwarranted because—as described in the Declaration of Fernando Pineiro—Special Agent Berrier confirmed that no recorded interview of the Minor Victim was located (whether recorded by HSI or any other agency), nor was there reference to an HSI recorded interview of the Minor Victim in HSI's ROIs for the investigation.  Doc. 19-1, Ex. 1 at ¶¶ 21, 23, 19.  Plaintiff is not entitled to discovery because her questions about the existence of a recording that she did not receive are squarely refuted in the Declaration of Fernando Pineiro.  Doc. 19-1, Ex. 1.

The Court should afford this evidence significant weight and deny Plaintiff's Motion for Stay and Rule 56(d) Relief.  *See Withey v. FBI*, No. 18-cv-1635-JCC, 2020 WL 885974, at *2 (W.D. Wash. Feb. 24, 2020) (noting that agency declarations describing the search process are entitled to "a presumption of good faith"); *Rodriguez*, 2008 WL 5330802, at *5 (noting that declarations are sufficient where, as here, they "provide[] detail as to the actual search [including] file[s] reviewed, locations searched, and manner and procedure for selecting and searching files").  If this Court has concerns about the adequacy of Defendant's declaration, it should not grant discovery but instead order Defendant to supplement those declarations.  *See Bioscience Advisors, Inc.*, 2023 WL 163144, at *8 (noting the appropriate remedy when an agency's declarations are deficient under FOIA is to "request that [the] agency supplement its supporting declarations rather than order discovery").

**C. Defendant's Motion for Summary Judgment was Required under the Circumstances.**

Plaintiff suggests that Defendant has wasted the Court's time by filing a "meaningless motion for summary judgment." Doc. 20 at 8. In support of this argument, Plaintiff alleges that, despite Plaintiff's request, "Defendant's counsel made absolutely no effort to communicate with Special Agent Berrier before filing [the Motion for Summary Judgment]." Doc. 20 at 10. Plaintiff further alleges that had counsel "reach[ed] out to Special Agent Berrier," counsel would have "discovered that [Special Agent Berrier] [took] a recorded statement of [the Minor Victim]," and counsel would have "simply agree[d] to provide a copy of that recording to Plaintiff." Doc. 20 at 10. Defendant addresses each argument in turn.

1. Motion for Summary Judgment is Required in FOIA Cases Where the Adequacy of the Search is at Issue.

"As a general rule, all FOIA determinations should be resolved on summary judgment." *Lawyers' Comm. for Civil Rights of S.F. Bay Area*, 534 F. Supp. 2d at 1131 (citing *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114 (9th Cir. 1998)); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("Generally, FOIA cases should be handled on motions for summary judgment."); *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment."); *Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs*, 183 F. Supp. 2d 1280, 1283 (D. Kan. 2001) ("FOIA cases . . . are especially amenable to summary judgment because the law, rather than the facts, is the only matter in dispute."). This is particularly true in FOIA cases where the adequacy of the search is at issue. *See Just. v. I.R.S.*, 798 F. Supp. 2d 43, 46 (D.D.C. 2011), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012) ("When the adequacy of an agency's search for requested records is at issue, an agency is entitled to summary judgment if it demonstrates that it has conducted a search reasonably calculated to uncover all relevant documents.").

Here, because Plaintiff challenged the adequacy of Defendant's search pursuant to FOIA, summary judgment was required.

1

2    2.  <u>Defense Counsel Communicated with Special Agent Berrier.</u>

3    As previously noted, Plaintiff's "preferred investigative project [i.e., Plaintiff's request that Defendant's counsel speak to Special Agent Berrier] was not required for the searches conducted to be adequate." *See Bioscience Advisors, Inc.*, 2023 WL 163144, at *7; *Lahr*, 569 F.3d at 990.  Nevertheless, and without waiving the argument that Defense counsel was under no duty imposed by FOIA to speak to Special Agent Berrier, and without waiving the attorney-client privilege applicable to communications between undersigned counsel and her client, undersigned counsel avers that she spoke to Special Agent Berrier on February 28, 2024, and that he confirmed he interviewed the Minor Victim in May 2018 but did not record the interview, and confirmed that he spoke to Plaintiff's counsel, but denied telling counsel that he had recorded the interview with the Minor Victim.

12    3.  <u>Even if a Recorded Statement Existed, Defendant Would Not Have "Simply"</u>
13    <u>Agreed to Produce the Recording.</u>

14    Plaintiff contends that had Defendant located a recorded interview of the Minor Victim, Defendant would have avoided the need to file a motion for summary judgment because Defendant would have "simply agree[d] to provide a copy of that recording to Plaintiff."  Doc. 20 at 10.  Plaintiff is mistaken.

18    Despite Plaintiff's contention that the Minor Victim "implicitly waived any protections under the Federal Victims' Protection and Rights Act" by filing the underlying civil lawsuit," Defendant would not have "simply" agreed to provide the recording of the Minor Victim if it existed.  Doc. 1 at 5, ¶ 22.

22    FOIA "was enacted to facilitate public access to Government documents."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The statute provides public access to official information "shielded unnecessarily" from public view.  *Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (1976).  "At the same time, FOIA contemplates that some information may legitimately be kept from the public.  The statute contains nine enumerated exemptions allowing the government to withhold documents or portions of documents." *Lahr*, 569 F.3d at 973 (citing 5 U.S.C. § 552(b)(1)-(9)).

- 10 -

i.  *If a Recorded Interview of the Minor Victim Existed, Defendant Could Lawfully Withhold it from Disclosure under FOIA Exemption (b)(3).*

FOIA Exemption (b)(3) allows an agency to withhold from disclosure material that is "specifically exempted from disclosure by [another] statute."  5 U.S.C. § 552(b)(3).  The Child Victims' and Witnesses' Rights Act, 18 U.S.C. § 3509, "qualifies as an Exemption 3 withholding statute," *Rodriguez v. Dep't of the Army*, 31 F. Supp. 3d 218, 237 (D.D.C. 2014), and "protects from disclosure certain records containing identifying information pertaining to children involved in criminal proceedings," *Flocker v. F.B.I.*, No. CV1006753JAKFMOX, 2013 WL 12383752, at *6 (C.D. Cal. Apr. 18, 2013).

If a recorded interview of the Minor Victim existed—which Defendant challenges—that recording could lawfully be withheld pursuant to FOIA Exemption (b)(3) and the Child Victims' and Witnesses' Rights Act, 18 U.S.C. § 3509.  Under this statute, the disclosure of "the name or any other information concerning a child" victim of a crime is prohibited.  18 U.S.C. § 3509(d)(1)(A)(i).  A recorded statement of a minor victim would be exempt from disclosure under this provision because it undoubtedly contains "information concerning a child" that may not be disclosed.  *See id.*; *Groenendal v. Exec. Off. for U.S. Att'ys*, No. 20-CV-1030, 2024 WL 1299333, at *11 (D.D.C. Mar. 27, 2024) (exempting from disclosure material concerning a child under FOIA Exemption (b)(3) and 18 U.S.C. § 3509); *Flocker*, 2013 WL 12383752, at *6 (exempting disclosure based on FOIA Exemption (b)(3) and 18 U.S.C. § 3509); *Guarascio v. F.B.I.*, No. 18-CV-2791, 2023 WL 7182057, at *9 (D.D.C. Nov. 1, 2023) (protecting from disclosure information concerning plaintiff's victims who were minors at the time of the investigation).  Accordingly, Plaintiff's allegation that Defendant would have "simply" produced the alleged recording is misplaced.

*ii. If a Recorded Interview of the Minor Victim Existed, Defendant Could Lawfully Withhold it from Disclosure under FOIA Exemption (b)(7).*

Under FOIA Exemption (b)(7), "the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State." *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004); *U.S. Dep't of Justice* v. *Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 765 (2009) ("[D]isclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind.").

"Where there are relevant privacy interests at stake, a requester must demonstrate that the interest served by disclosure 'is a significant one, an interest more specific than having the information for its own sake,' and that disclosure is likely to advance that interest." *Lahr*, 569 F.3d at 974 (quoting *Favish*, 541 U.S. at 172); *Boehm v. F.B.I.*, 948 F. Supp. 2d 9, 29-30 (D.D.C. 2013) (FOIA Exemption (b)(7) "applies unless there is an overriding public interest in disclosure").

Here, Plaintiff argues only that the alleged recorded interview of the Minor Victim is important to Plaintiff because "her civil case is going to trial in October of 2024." Doc. 20 at 2, 9. Nowhere does Plaintiff suggest that disclosure of the alleged recording would advance the public interest. *See Lahr*, 569 F.3d at 974. Because Plaintiff fails to show an "interest more specific than having the information for [her] own sake," the invasion of privacy is unwarranted and a recorded interview of the Minor Victim—if it existed—could be lawfully withheld. *See Favish*, 541 U.S. at 172; *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1093 (9th Cir. 2017) (holding that under Exemption (b)(7) the invasion of privacy was not outweighed by the public interest).

## II.    CONCLUSION

Plaintiff has not shown that she cannot present any fact essential to justify her opposition to Defendant's Motion for Summary Judgment regarding the adequacy of its search for records responsive to Plaintiff's FOIA request, but even if she could, the proper remedy would be to order Defendant to supplement its declarations regarding the search of

1   responsive records, not to grant Plaintiff broad discovery, including the deposition of the

2   investigating agent.

3           For the foregoing reasons, Plaintiff's Motion should be denied, and judgment should

4   be granted to Defendant.

5

6           RESPECTFULLY SUBMITTED April 23, 2024.

7

8                                                   GARY M. RESTAINO
                                                    United States Attorney
9                                                   District of Arizona

10                                                  */s/ Victoria H. Gray*
                                                    VICTORIA H. GRAY
11                                                  Assistant United States Attorney
12                                                  *Attorneys for the United States*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28