GARY M. RESTAINO
United States Attorney
District of Arizona

Victoria H. Gray
Assistant U.S. Attorney
Arizona State Bar No. 037472
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Victoria.Gray2@usdoj.gov
*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Sharp-Stilliard, | No. CV-23-02519-PHX-SRB |
| Plaintiff, | |
| v. | **DEFENDANT'S EXPEDITED MOTION FOR PROTECTIVE ORDER** |
| United States Department of Homeland Security Immigration and Customs Enforcement, | |
| Defendant. | |

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby moves the Court, pursuant to Federal Rule of Civil Procedure 26(c), for a Protective Order limiting the scope of the Court-ordered discovery (Doc. 23) to the adequacy of Defendant's search under the Freedom of Information Act ("FOIA"). This Motion is supported by the following Memorandum of Points and Authorities and by all matters of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     LOCAL RULE OF CIVIL PROCEDURE 7.2(j) CERTIFICATION.

Counsel for the United States conferred with Plaintiff's counsel regarding the issues

raised herein and sought an agreement to limit the deposition to questions regarding whether HSI Special Agent Berrier recorded an interview with the Minor Child Victim and if so, where it is located, and what happened to the recorded interviews of the Minor Child Victim and Plaintiff. *See* Ex. A, Email re Scope of Deposition. In response, Plaintiff's counsel stated that we "need to expand the scope of this litigation to include the next best evidence of [the Minor Child Victim's] interview by Mr. Berrier: Mr. Berrier's testimony of his recollections of the interview, and also his Reports which would certainly include his summaries of his interviews of [the Minor Child Victim] and Ms. Stilliard, recorded or not[,]" and accused the government of "stonewall[ing] this key evidence" (presumably the statements made by the Minor Child Victim during the investigation) which he asserts is necessary for the state court trial in October. *Id.* The parties have been unable to resolve this matter without the Court's involvement.

II. **THE ISSUE BEFORE THE COURT IS THE ADEQUACY OF DEFENDANT'S SEARCH UNDER FOIA; WHAT THE MINOR CHILD VICTIM SAID TO LAW ENFORCEMENT IS NEITHER RELEVANT NOR ESSENTIAL TO RESIST SUMMARY JUDGMENT IN THIS FOIA ACTION.**

The parties stipulated that the only issues to be briefed at summary judgment include: (1) the adequacy of Defendant's search; and (2) Plaintiff's allegation that Defendant, during its investigation into Mrs. Sharp-Stilliard's alleged sexual assault of the Minor Child Victim, audio recorded an interview of the Minor Child Victim and that Defendant failed to produce this alleged recording. Docs. 16, 17.

Defendant argued at summary judgment that it conducted an adequate search under the FOIA. Doc. 18. Defendant also specifically detailed its search, and addressed Plaintiff's allegations of a recording, declaring:

At the request of GILD, SA Berrier conducted a supplemental search on February 22, 2024, for any recorded statement of the Minor Victim, to specifically address Plaintiff's allegation that as part of the subject investigation HSI recorded an interview of the Minor Victim in which the Minor Victim recanted his allegation of sexual assault. SA Berrier spent two (2) hours searching ICM, Outlook Email, the ICE One Drive shared drive, and Microsoft Teams databases using the search terms "[Minor Victim's first

name]", "Jennifer Sharp-Stilliard", the HSI case number for the investigation, "Vancouver" and "interview." SA Berrier also searched his desktop/laptop shared drive, hard drive and Outlook Email doing a manual check using the same keyword search terms and checking by file type. No new, responsive records were located, and specifically no audio or video recording of an interview of or statement by the Minor Victim (whether made by HSI or another law enforcement agency) was located, nor is there any reference to a statement of the Minor Victim recorded by HSI in HSI's ROIs for the investigation.

Doc. 19-1 at ¶ 23.  In response, Plaintiff filed a Motion to Stay and for Rule 56(d) Relief to depose Special Agent Berrier regarding the adequacy of the search.  Doc. 20.  The Court granted Plaintiff's Motion to Stay and for Rule 56(d) Relief.  Doc. 23.

Under Rule 56(d), a court may deny or defer ruling on a motion for summary judgment where the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion]." *Am. Ctr. for L. & Just. v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 91 (D.D.C. 2018) (citing Fed. R. Civ. P. 56(d)).  A party seeking relief under Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Bioscience Advisors, Inc. v. United States Sec. & Exch. Comm'n*, No. 21-CV-00866-HSG, 2023 WL 163144, at *8 (N.D. Cal. Jan. 11, 2023).

In Plaintiff's Motion to Stay and for Rule 56(d) Relief, Plaintiff argued that to resist Defendant's Motion for Summary Judgment on the adequacy of Defendant's search, Plaintiff needed to take the deposition of Special Agent Berrier to determine "whether [Special Agent Berrier] ever took a recorded statement of [the Minor Child Victim] and, if so, where a copy of it can be located" (Doc. 20 at 10), and "what happened to the recorded interviews of [the Minor Child Victim] and Plaintiff" (Doc. 20 at 6, 8, 11).

Neither Plaintiff's Motion (Doc. 20) nor the supporting affidavit of counsel (Doc. 20-1) requested discovery on what the Minor Child Victim *said* during his interview with law enforcement or the contents of Special Agent Berrier's reports.  Plaintiff has therefore failed to request such discovery and has similarly failed to contend that such discovery is

1    essential to resist Defendant's Motion for Summary Judgment on the adequacy of
2    Defendant's search as required by Fed. R. Civ. P. 56(d).  *See Bioscience Advisors, Inc.*,
3    2023 WL 163144, at \*8 (plaintiff must demonstrate that the "sought-after facts are essential
4    to resist the summary judgment motion").

5         The issue in this FOIA action is whether the Defendant's search was adequate.
6    Docs. 16, 17.  In a FOIA action, Rule 56(d) permits limited discovery to the extent the
7    sought-after discovery can "alter the court's determination" on the pending summary
8    judgment motion.  *See Am. Ctr. for L. & Just.*, 289 F. Supp. 3d at 91 ("The implication,
9    then, is that the requested discovery would alter the court's determination, rather than serve
10   as a fishing expedition.").  Discovery that exceeds this scope—for example, but not limited
11   to, questions concerning what the Minor Child Victim said to law enforcement and the
12   scope of HSI's investigation—is neither relevant to the Court's determination on
13   Defendant's pending Motion for Summary Judgment nor is it essential for Plaintiff to resist
14   Defendant's Motion for Summary Judgment as to the adequacy of the search.  *See id.*;
15   *Bioscience Advisors, Inc.*, 2023 WL 163144, at \*8; *Finney v. Soc. Sec. Admin.*, 692 F.
16   App'x 907, 908 (9th Cir. 2017) ("The district court did not abuse its discretion in denying
17   [plaintiff's] Federal Rule of Civil Procedure 56(d) motion because [plaintiff] failed to show
18   how allowing additional discovery would have precluded summary judgment.").

19        When, as here, the adequacy of the search remains in doubt on summary judgment,
20   courts have permitted the FOIA requester limited discovery to create a "sufficient factual
21   record regarding the adequacy of the search."  *See Lion Raisins, Inc. v. U.S. Dep't of Agric.*,
22   636 F. Supp. 2d 1081, 1107 (E.D. Cal. 2009) (permitting FOIA requester  to "engage in
23   *limited* discovery via deposition" to "create a sufficient factual record regarding the
24   adequacy of the search"); *Kozacky & Weitzel, P.C. v. United States*, No. 07 C 2246, 2008
25   WL 2188457, at \*7 (N.D. Ill. Apr. 10, 2008) (permitting the use of interrogatories
26   concerning the "nature and adequacy of the IRS's search(es)"); *El Badrawi v. Dep't of*
27   *Homeland Sec.*, 583 F. Supp. 2d 285, 321 (D.Conn. 2008) (permitting "limited discovery
28   as to the adequacy" of the searches in the form of depositions, including, among others, a

1   deposition of an "employee most knowledgeable about the whereabouts" of a missing file);

2   *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F.

3   Supp. 2d 1126, 1130 (N.D. Cal. 2008) (permitting a supplemental declaration "regarding

4   the adequacy of the search").

5          In *Lion Raisins v. U.S. Dep't of Agriculture*, a FOIA action concerning the adequacy

6   of Defendant's search, the court ordered limited discovery as to the adequacy of the search,

7   and specifically prohibited Plaintiff from "engag[ing] in a fishing expedition or . . .

8   seek[ing] information about the [underlying documents requested]."  366 F. Supp. 2d at

9   1107.  The court noted that "[t]he objective of this limited discovery is to ascertain whether

10  . . . such documents exist . . . [if] there is any justification for their non-production (if the

11  [defendant] seeks to withhold them); and for additional facts regarding the search for

12  responsive documents," and ordered the Plaintiff to "limit its questioning accordingly."

13  *See id.*

14         Accordingly, because the issue before the Court is the adequacy of Defendant's

15  search, and because questions that exceed this scope are neither relevant to the Court's

16  determination nor essential for Plaintiff to resist Defendant's Motion for Summary

17  Judgment, the Court should order Plaintiff to limit her questioning accordingly.

18  **III.    <u>INFORMATION OBTAINED BY SPECIAL AGENT BERRIER IN HIS</u>**
19  **<u>OFFICIAL CAPACITY DURING THE INVESTIGATION INTO THE</u>**
20  **<u>ALLEGED SEXUAL ASSAULT DOES NOT CONSTITUTE AN "AGENCY</u>**
    **<u>RECORD" SUBJECT TO DISCLOSURE UNDER FOIA.</u>**

21         The FOIA provides for the public release of "agency records" that are not otherwise

22  exempt from disclosure.  *See* 5 U.S.C. § 552.  In the Ninth Circuit, something is an "agency

23  record" if: "(1) the agency 'either create[d] or obtain[ed] the requested materials,' and (2)

24  the agency is 'in control of the requested materials at the time the FOIA request is made.'"

25  *Rojas v. Fed. Aviation Admin.*, 941 F.3d 392, 407 (9th Cir. 2019) (quoting *Tax Analysts v.*

26  *U.S. Dep't of Justice*, 492 U.S. 136, 144-45 (1989)).  Information learned by a current or

27  former federal employee and contained solely within that employee's mind does not

28  constitute an "agency record" subject to production under FOIA.  *See id.*  Accordingly, the

Court should limit the scope of discovery to the adequacy of Defendant's search and prohibit Plaintiff from questioning Special Agent Berrier regarding the underlying investigation.

## IV.  RULE 56(d) DISCOVERY CANNOT CIRCUMVENT THE FOIA EXEMPTIONS AND PUBLIC POLICY DISFAVORS DISCLOSURE OF A MINOR CHILD VICTIM'S STATEMENTS TO LAW ENFORCEMENT.

FOIA "was enacted to facilitate public access to Government documents."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The statute provides public access to official information "shielded unnecessarily" from public view.  *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).  "At the same time, FOIA contemplates that some information may legitimately be kept from the public.  The statute contains nine enumerated exemptions allowing the government to withhold documents or portions of documents."  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (citing 5 U.S.C. § 552(b)(1)-(9)).

Importantly, there is "no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory or for proscribing its general dissemination."  *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *see also Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1088 (9th Cir. 1997); *Schiffer v. Fed. Bureau of Investigation*, 78 F.3d 1405, 1411 (9th Cir. 1996).  Thus, a release of information to a FOIA requester is considered a release to all, and a protective order is not available to contain the harm from disclosure.

Plaintiff seeks to depose Special Agent Berrier regarding the underlying law enforcement proceeding and to question Special Agent Berrier regarding what the Minor Child Victim said in his interview with law enforcement as well as what others who were interviewed said.  *See* Ex. A, Email re Scope of Deposition.  Discovery in a FOIA action is necessary only to the extent that it can assist the court in deciding a pending motion for summary judgment.  *See Lion Raisins, Inc.*, 636 F. Supp. at 1107.  Discovery is not permitted in a FOIA action as an end-run around the FOIA exemptions.  *See id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In its Response in Opposition to the Motion to Stay and for Rule 56(d) Relief (Doc. 21 at 10-12), the United States argued that even if a recorded interview of the Minor Child Victim existed—which the government challenges—it could be lawfully withheld from disclosure under FOIA Exemption (b)(3), which allows withholding from disclosure material that is "specifically exempted from disclosure by [another] statute," and FOIA Exemption (b)(7), which allows withholding of records compiled for law enforcement purposes.

As previously argued, the United States could withhold the alleged recording from disclosure pursuant to the Child Victims' and Witnesses' Rights Act, 18 U.S.C. § 3509, which "qualifies as an Exemption 3 withholding statute," *Rodriguez v. Dep't of the Army*, 31 F. Supp. 3d 218, 237 (D.D.C. 2014), and "protects from disclosure certain records containing identifying information pertaining to children involved in criminal proceedings," *Flocker v. F.B.I.*, No. CV1006753JAKFMOX, 2013 WL 12383752, at *6 (C.D. Cal. Apr. 18, 2013). Additionally, the United States could withhold the alleged recording from disclosure pursuant to FOIA Exemption (b)(7), which "requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State." *Favish*, 541 U.S. at 172; *U.S. Dep't of Justice* v. *Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 765 (2009) ("[D]isclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind."). Under FOIA Exemption (b)(7), "[w]here there are relevant privacy interests at stake, a requester must demonstrate that the interest served by disclosure 'is a significant one, an interest more specific than having the information for its own sake,' and that disclosure is likely to advance that interest." *Lahr*, 569 F.3d at 974 (quoting *Favish*, 541 U.S. at 172); *Boehm v. F.B.I.*, 948 F. Supp. 2d 9, 29-30 (D.D.C. 2013) (FOIA Exemption (b)(7) "applies unless there is an overriding public interest in disclosure").

Here, Plaintiff argues only that the alleged recorded interview of the Minor Victim

- 7 -

is important to Plaintiff because "her civil case is going to trial in October of 2024." Doc. 20 at 2, 9. Nowhere does Plaintiff suggest that disclosure of the alleged recording would advance the public interest. *See Lahr*, 569 F.3d at 974. Because Plaintiff fails to show an "interest more specific than having the information for [her] own sake," the invasion of privacy is unwarranted and a recorded interview of the Minor Victim—if it existed—could be lawfully withheld. *See Favish*, 541 U.S. at 172; *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1093 (9th Cir. 2017) (holding that under Exemption (b)(7) the invasion of privacy was not outweighed by the public interest). Moreover, because there is "no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory or for proscribing its general dissemination," *Favish*, 541 U.S. at 174, disclosure to Plaintiff of what the Minor Child Victim said to law enforcement is considered a disclosure to the public at large. The Court should therefore limit the scope of the deposition accordingly.

## V.    <u>CONCLUSION.</u>

The issue before the Court is the adequacy of Defendant's search under FOIA. Discovery that exceeds this scope is neither relevant to the Court's determination nor essential for Plaintiff to resist Defendant's Motion for Summary Judgment. Accordingly, the United States respectfully requests the Court consider this Motion on an expedited basis and enter a Protective Order prohibiting Plaintiff from seeking discovery that exceeds the scope of the adequacy of Defendant's search under FOIA. The United States further requests that the Court limit the deposition of Special Agent Berrier to (1) hour.

RESPECTFULLY SUBMITTED May 8, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Victoria H. Gray*
VICTORIA H. GRAY
Assistant United States Attorney
*Attorneys for the United States*