GARY M. RESTAINO
United States Attorney
District of Arizona

Victoria H. Gray
Assistant U.S. Attorney
Arizona State Bar No. 037472
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Victoria.Gray2@usdoj.gov
*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Sharp-Stilliard, | No. CV-23-02519-PHX-SRB |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF EXPEDITED MOTION FOR PROTECTIVE ORDER** |
| United States Department of Homeland Security Immigration and Customs Enforcement, | |
| Defendant. | |

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby submits this Reply in support of its Motion for Protective Order. Doc. 24.

**I.     LOCAL RULE OF CIVIL PROCEDURE 7.2(j) AND FED. R. CIV. P. 26(c).**

Pursuant to Local Rule of Civil Procedure 7.2(j) and Fed. R. Civ. P. 26(c)(1), counsel for the United States conferred with Plaintiff's counsel via email regarding the issues raised in the Motion for Protective Order and sought an agreement to limit the deposition to questions regarding whether HSI Special Agent Berrier recorded an interview with the Minor Child Victim and if so, where it is located, and what happened to the

recorded interviews of the Minor Child Victim and Plaintiff. *See* Doc. 24-1, Ex. A at 2-3.

Plaintiff contends that the consultation was insufficient because it was not face-to-face or over the telephone. Doc. 27 at 1-2. Neither Local Rule 7.2(j) nor Fed. R. Civ. P. 26(c)(1) specifies the form of communication required, only that it be sincere. Counsel for the United States made a conscious decision in this litigation to change the method of communication with Plaintiff's counsel from the telephone to email. In this litigation, email communication was the best method for the parties to achieve the goal of Local Rule 7.2(j) particularly because Plaintiff's counsel's recollection and characterization of previous phone calls as represented in subsequent court filings has not comported with defense counsel's recollection of those calls nor with Special Agent Berrier's recollection of his telephonic communications with Plaintiff's counsel.

Moreover, Plaintiff's suggestion of a resolution—"that the deposition be conducted under seal and that Special Agent Berrier's testimony be kept strictly confidential until such time as the Court orders that it may be released" (Doc. 27 at 8)—is not a mechanism available in FOIA litigation. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) ("It must be remembered that once there is disclosure, the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory or for proscribing its general dissemination.").

**II. THE ISSUE BEFORE THE COURT IS THE ADEQUACY OF DEFENDANT'S SEARCH UNDER FOIA; WHAT THE MINOR CHILD VICTIM SAID TO LAW ENFORCEMENT IS NEITHER RELEVANT NOR ESSENTIAL TO RESIST SUMMARY JUDGMENT IN THIS FOIA ACTION.**

In the Motion for Protective Order, Defendant argued that the substance of the Minor Child Victim's statements to law enforcement is neither relevant to the Court's determination of Defendant's pending Motion for Summary Judgment as to the adequacy of its search for responsive records nor essential for Plaintiff to resist the motion (Doc. 24 at 4). *See Bioscience Advisors, Inc. v. U.S. Sec. & Exch. Comm'n*, No. 21-CV-00866-HSG, 2023 WL 163144, at *8 (N.D. Cal. Jan. 11, 2023). In response, Plaintiff contends that the

1   "parties' previous agreement that the issue before the Court is the adequacy of Defendant's
2   search under FOIA was procured through a lack of candor by Defendant's counsel such
3   that Plaintiff should be allowed to withdraw it." Doc. 27 at 3. Plaintiff further alleges that
4   "Defendant's counsel never informed Plaintiff's counsel that Defendant intended to take
5   the position in its motion for summary judgment that the audio recording does not exist"
6   and that Plaintiff would not have agreed to the stipulation had she known Defendant denied
7   the existence of a recorded statement. Doc. 27 at 3.

8   The record is not consistent with Plaintiff's allegation that she was unaware that
9   Defendant denied the existence of a recording. *See* Doc 1; Doc. 11; Doc. 16; Doc. 17; Doc.
10   20; Doc. 20-1. Paragraph 11 of Plaintiff's Complaint alleged:

11   
12   > Upon further information and belief, I.C.E.'s interview of Colton Terry was audio recorded, and the audio recording is contained within I.C.E.'s investigative file into the alleged sexual assault.

13   Doc. 1 at 3. Defendant denied that allegation in its Answer, stating:

14   > Defendant denies in the allegations contained in Paragraph 11.

15   Doc. 11 at 2.

16   Before agreeing to the stipulation, Plaintiff's counsel communicated the following
17   regarding the stipulation over email (attached as Exhibit B to Plaintiff's Motion to Stay
18   and for Rule 56(d) Relief):

19   > However, **since it appears that you plan to take the position in the dispositive motion that your search revealed no recorded statement of [the Minor Child Victim]** (which I already know is incorrect based on my call with HSI agent Austin Berrier . . . then I really cannot agree to the end of April for the filing of the dispositive motion. . . . I ONLY need the [recorded statement] and will waive any other discovery in this case, except as it pertains to locating and securing production of the [recorded statement].
20   
21   
22   
23   

24   Doc. 20-1, Exhibit B at 10 (emphasis in bold added).

25   Following the parties' email communications, the parties stipulated that the sole
26   issues to be briefed at summary judgment included: (1) the adequacy of Defendant's
27   search; and (2) Plaintiff's *allegation* that Defendant, during its investigation into Mrs.
28   Sharp-Stilliard's alleged sexual assault of the Minor Child Victim, audio recorded an

- 3 -

interview of the Minor Child Victim and that Defendant failed to produce this *alleged* recording.  Doc. 16.

Finally, in Plaintiff's Motion to Stay and for Rule 56(d) relief, Plaintiff requested leave to take the deposition of Special Agent Berrier to determine "whether [Special Agent Berrier] ever took a recorded statement of [the Minor Child Victim] and, if so, where a copy of it can be located" (Doc. 20 at 10), and "what happened to the recorded interviews of [the Minor Child Victim] and Plaintiff" (Doc. 20 at 6, 8, 11).

Plaintiff cannot plausibly claim that she was unaware that Defendant denied the existence of a recording.  *See* Doc 1; Doc. 11; Doc. 16; Doc. 17; Doc. 20; Doc. 20-1. Moreover, Plaintiff has failed to challenge the legal issue raised by Defendant's Motion for Protective Order—that is, that the substance of the Minor Child Victim's statements to law enforcement is not necessary for Plaintiff to resist Defendant's summary judgment motion. As addressed in the Motion for Protective Order, "[a] party seeking relief under Rule 56(d) must show '(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.'"  *Hernandez v. Costco Wholesale Corp.*, No. 21-CV-00868-HSG, 2022 WL 225624, at *1 (N.D. Cal. Jan 26, 2022) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998)).  The substance of the Minor Child Victim's statements to law enforcement is not necessary for Plaintiff to resist Defendant's Motion for Summary Judgment on the adequacy of its search for responsive records.

The issue in this FOIA action is whether the Defendant's search was adequate. Docs. 16, 17.  In a FOIA action, Rule 56(d) permits limited discovery to the extent the sought-after discovery can "alter the court's determination" on the pending summary judgment motion.  *See Am. Ctr. for L. & Just. v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 91 (D.D.C. 2018) ("The implication, then, is that the requested discovery would alter the court's determination, rather than serve as a fishing expedition.").  Accordingly, because the issue before the Court is the adequacy of Defendant's search, and because questions

that exceed the scope of this limited issue are neither relevant to the Court's determination nor essential for Plaintiff to resist Defendant's Motion for Summary Judgment, the Court should grant the Protective Order and limit the scope of the deposition to the facts regarding Special Agent Berrier's search for responsive records.

### III. INFORMATION OBTAINED BY SPECIAL AGENT BERRIER IN HIS OFFICIAL CAPACITY DURING THE INVESTIGATION INTO THE ALLEGED SEXUAL ASSAULT DOES NOT CONSTITUTE AN "AGENCY RECORD" SUBJECT TO DISCLOSURE UNDER FOIA.

Plaintiff does not challenge Defendant's argument that information obtained by Special Agent Berrier in his official capacity during the investigation into the alleged sexual assault does not constitute an "agency record" subject to disclosure under FOIA. In the Ninth Circuit, something is an "agency record" if: "(1) the agency 'either create[d] or obtain[ed] the requested materials,' and (2) the agency is 'in control of the requested materials at the time the FOIA request is made.'" *Rojas v. Fed. Aviation Admin.*, 941 F.3d 392, 407 (9th Cir. 2019) (quoting *Tax Analysts v. U.S. Dep't of Justice*, 492 U.S. 136, 144-45 (1989)). Information obtained by a current or former federal employee and contained solely within that employee's mind does not constitute an "agency record" subject to production under FOIA. *See id.* Accordingly, the Court should limit the scope of the deposition to the adequacy of Defendant's search and prohibit Plaintiff from questioning Special Agent Berrier about the underlying investigation, including the statements made by the Minor Child Victim.

### IV. RULE 56(d) DISCOVERY CANNOT CIRCUMVENT THE FOIA EXEMPTIONS AND PUBLIC POLICY DISFAVORS DISCLOSURE OF A MINOR CHILD VICTIM'S STATEMENTS TO LAW ENFORCEMENT.

Plaintiff seeks to depose Special Agent Berrier regarding the underlying law enforcement proceeding, including the scope of the investigation, and to question Special Agent Berrier regarding what the Minor Child Victim said in his interview with law enforcement as well as statements made by other individuals during the investigation. *See* Doc. 24-1, Ex. A at 2-3. Discovery in a FOIA action is necessary only to the extent that it can assist the court in deciding a pending motion for summary judgment. *See Lion Raisins,*

- 5 -

*Inc. v. U.S. Dep't of Agric.*, 636 F. Supp. 2d 1081, 1107 (E.D. Cal. 2009).  Discovery is not permitted in a FOIA action as an end-run around the FOIA exemptions.  *See id.*

In its Response in Opposition to the Motion to Stay and for Rule 56(d) Relief, the United States argued that even if a recorded interview of the Minor Child Victim existed— which the government has repeatedly denied—it could be lawfully withheld from disclosure under FOIA Exemption (b)(3), which allows withholding from disclosure material that is "specifically exempted from disclosure by [another] statute," and FOIA Exemption (b)(7), which allows withholding of records compiled for law enforcement purposes.  Doc. 21 at 10-12.

Under FOIA Exemption (b)(7), "[w]here there are relevant privacy interests at stake, a requester must demonstrate that the interest served by disclosure 'is a significant one, an interest more specific than having the information for its own sake,' and that disclosure is likely to advance that interest."  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 974 (9th Cir. 2009) (quoting *Favish*, 541 U.S. at 172); *see also Boehm v. F.B.I.*, 948 F. Supp. 2d 9, 29-30 (D.D.C. 2013) (FOIA Exemption (b)(7) "applies unless there is an overriding public interest in disclosure").  FOIA Exemption (b)(7)(C) excludes records or information compiled for a law enforcement purpose where the production "could reasonably be expected to constitute an unwarranted invasion of personal privacy," and allows broad categorical protection of information that identifies third-parties in law enforcement records.  In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure.  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  It is the "interest of the general public, and not that of the private litigant" that the Court considers in this analysis.  *Brown v. F.B.I.*, 658 F.2d 71, 75 (2d Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *U.S. Dep't of Justice v. Reporters Comm. for*

*Freedom of the Press*, 489 U.S. 749, 773 (1989));  *see also Blackwell v. F.B.I.*, 680 F. Supp. 2d 79, 94 (D.D.C. 2010) (exempting from disclosure under Exemption (b)(7)(C) requester's criminal case file, which he sought to challenge his criminal conviction, because "[i]t is established, however, that the public interest in disclosure 'does not include helping an individual obtain information for his personal use' to overturn a conviction." (quoting *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002))).

Plaintiff argues that disclosure of the alleged recorded interview and/or the substance of the Minor Child Victim's statements to law enforcement if no recording is available is in the public interest because "there is a public interest in preventing a personal injury plaintiff from committing a fraud upon the jury and the Maricopa County Superior Court in a tort proceeding" (Doc. 27 at 6), but this purported interest does not satisfy the Supreme Court's determination that the only relevant public interest for purposes of disclosure under FOIA Exemption 7(C) is "the citizens' right to be informed about what their government is up to." *Reporters Comm.*, 489 U.S. at 773.  Although the Minor Child Victim's statement to law enforcement is of interest to Plaintiff, the statement would "reveal[ ] little or nothing about an agency's own conduct." *Id.*  Because Plaintiff fails to show an "interest more specific than having the information for [her] own sake," the invasion of the Minor Child Victim's privacy is unwarranted and a recorded interview of the Minor Child Victim—if it existed—could be lawfully withheld.  *See Favish*, 541 U.S. at 172; *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1093 (9th Cir. 2017) (holding that under Exemption (b)(7)(C) the invasion of privacy was not outweighed by the public interest where plaintiff requested the names of immigration detainees who had been released from detention due to budget constraints).  Moreover, because there is "no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory or for proscribing its general dissemination," *Favish*, 541 U.S. at 174, disclosure to Plaintiff of what the Minor Child Victim said to law enforcement is considered a disclosure to the public at large.  The Court should therefore limit the scope of the deposition accordingly.

- 7 -

## V. CONCLUSION.

The issue before the Court is the adequacy of Defendant's search under FOIA. Discovery that exceeds this scope is neither relevant to the Court's determination nor essential for Plaintiff to resist Defendant's Motion for Summary Judgment. Accordingly, the United States respectfully requests the Court grant Defendant's Motion for Protective Order (Doc. 24) and enter a Protective Order prohibiting Plaintiff from seeking discovery that exceeds the scope of the adequacy of Defendant's search under FOIA. Given the very limited nature of the inquiry, the United States further requests that the Court limit the deposition of Special Agent Berrier to (1) hour.

RESPECTFULLY SUBMITTED May 17, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Victoria H. Gray*
VICTORIA H. GRAY
Assistant United States Attorney
*Attorneys for the United States*