GARY M. RESTAINO
United States Attorney
District of Arizona

Victoria H. Gray
Assistant U.S. Attorney
Arizona State Bar No. 037472
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Victoria.Gray2@usdoj.gov
*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Sharp-Stilliard, <br><br> Plaintiff, <br><br> v. <br><br> United States Department of Homeland Security Immigration and Customs Enforcement, <br><br> Defendant. | No. CV-23-02519-PHX-SRB <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby submits this Reply in support of its Motion for Summary Judgment. Doc. 18.

**I.** **BACKGROUND.**

On February 26, 2024, the parties stipulated that the only issues to be briefed at summary judgment include: (1) the adequacy of Defendant's search; and (2) Plaintiff's allegation that, Defendant, during its investigation into Mrs. Sharp-Stilliard's alleged sexual assault of C.T., a minor at the time, audio recorded an interview of C.T. and that Defendant failed to produce this alleged recording. Docs. 16, 17. On April 4, 2024,

Defendant filed its Motion for Summary Judgment informing the Court that Defendant conducted an adequate search under FOIA and that "no recorded interview of the Minor Victim was located—whether recorded by HSI or any other agency—nor was there reference to an HSI recorded interview of the Minor Victim in HSI's Reports of Investigation ("ROIs")." Doc. 18 at 2. Defendant further informed the Court that HSI never recorded an interview of the Minor Victim. Doc. 18 at 10.

On April 9, 2024, Plaintiff filed a Motion to Stay and for Rule 56(d) Relief to Take the Deposition of HSI Special Agent Austin Berrier. Doc. 20. Therein, Plaintiff alleged that Special Agent Berrier recorded an interview with the Minor Victim and requested leave to take the deposition of Special Agent Berrier to determine "whether [Special Agent Berrier] ever took a recorded statement of [the Minor Victim] and, if so, where a copy of it can be located." Doc. 20 at 10. The Court granted Plaintiff's Motion, noting that "in this case all the information about whether there was a recorded interview and what happened to it is in the personal knowledge of one individual, SA Berrier." Doc. 23 at 2.

On May 30, 2024, Plaintiff took the deposition of Special Agent Berrier. Ex. A, Deposition Transcript of Special Agent Berrier. Special Agent Berrier testified that he did not record the interview with the Minor Victim (Ex. A at p. 10, ll. 10-12), that he did not tell Plaintiff's counsel that he recorded the interview with the Minor Victim (Ex. A at p. 10, l. 20 – p. 11, l. 15), and that it was not HSI's "policy or practice to record victims at that time" (Ex. A at p. 11, ll. 7-11; p. 15, ll. 8-9; p. 19, ll. 22-25). Moreover, Special Agent Berrier testified that it was the "Salt River detective who recorded an interview with [the Minor Victim]," and that Special Agent Berrier "[does not] have a copy of that." Ex. A at p. 12, l. 23 – p. 13, l. 7.

On June 27, 2024, Plaintiff filed her Response to Defendant's Motion for Summary Judgment. Doc. 30. Therein, Plaintiff does not request that Defendant conduct an additional search (the typical relief in a FOIA action regarding the adequacy of the search), *see Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 122 (D.D.C. 2005) (denying the government's motion for summary judgment regarding the adequacy

1  of the search and ordering the government to conduct a supplemental search), but rather
2  requests that she be permitted to withdraw from the parties' stipulation regarding the
3  propriety of the withholdings made to the documents produced in response to her FOIA
4  request, and requests to file a second motion for summary judgment challenging the
5  withholdings. Doc. 30 at 14.

6  On July 2, 2024, Defendant produced to Plaintiff the audio recording of ICE's
7  interview of Mrs. Sharp-Stilliard. Defendant informed Plaintiff it would reprocess the prior
8  FOIA production provided the Minor Victim and his mother sign privacy waivers which
9  would permit the production of information otherwise exempt from disclosure under the
10  FOIA.

11  Defendant contacted counsel for the Minor Victim in the underlying lawsuit, *Terry*
12  *v. Sharp-Stilliard, et al.*, Maricopa County Superior Court Case No. CV2020-056304, and
13  requested that the Minor Victim and his mother sign privacy waivers. Counsel for the
14  Minor Victim responded to Defendant's request, informed Defendant that counsel was
15  unaware of this FOIA litigation, objected to Plaintiff's FOIA request, noted their intent to
16  become involved in the FOIA litigation to object to any release of material about the Minor
17  Victim or his mother, and advised counsel that the recording of the Minor Victim taken by
18  the Salt River Police Department had already been produced in the underlying litigation.
19  Absent waivers from the Minor Victim and his mother, Defendant will not produce to
20  Plaintiff the information lawfully withheld from disclosure under the FOIA, as applied to
21  the 73 pages of responsive documents that were produced to Plaintiff on May 12, 2023.
22  Doc. 18 at 4.

II. **THE COURT SHOULD GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADEQUACY OF THE SEARCH AND DENY PLAINTIFF'S REQUEST TO PROCEED TO A SECOND MOTION FOR SUMMARY JUDGMENT.**

A. **Defendant conducted an adequate search, and ICE has no recorded statement of the Minor Victim.**

To prevail in a FOIA action where the adequacy of the search is at issue, the Defendant agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985). "Courts do not focus on 'whether there might exist any other documents possibly responsive to the [FOIA] request, but rather whether the *search* for those documents was *adequate*.'" *Albers v. FBI*, No. 16-cv-05249-BHS, 2017 WL 736042, at *3 (W.D. Wash. Feb. 24, 2017) (quoting *Zemansky*, 767 F.2d at 571) (alteration and emphasis in original). Thus, the focus is on the effort, not on the result. *See id*.

As set forth in the Declaration of Fernando Pineiro, attached as Exhibit 1 to Defendant's Statement of Facts in Support of its Motion for Summary Judgment, Defendant made a reasonable effort to search its files for documents, including any recorded interview of the Minor Victim, using methods that would be reasonably expected to locate any such documents. Doc. 19 at ¶¶ 3-13, 16-19; Doc. 19-1, Ex. 1 at 2-9. No recorded interview of the Minor Victim was located—whether recorded by HSI or any other agency—nor was there reference to an HSI recorded interview of the Minor Victim in HSI's Reports of Investigation ("ROIs"). Doc. 18 at 2; Doc. 19 at ¶¶ 13, 17, 19.

Plaintiff argues the search was inadequate because "there is no indication in Mr. Pineiro's declaration that anyone in ICE's Records Disclosure Unit spoke directly with Special Agent Berrier." Doc. 30 at 6. However, in the FOIA context, "'[a]n affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy' the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994)) (noting that "there is no need for the

agency to supply affidavits from each individual who participated in the actual search"); *see also Langton v. U.S. Dep't of Homeland Sec.*, No. CV-20-00099-PHX-JZB, 2020 WL 4607251, at *2 (D. Ariz. Aug. 11, 2020) (applying legal standard outlined in *Lahr*). More importantly, however, Plaintiff *deposed* Special Agent Berrier regarding the adequacy of the search and the alleged existence of a recording of the Minor Victim. *See* Ex. A. At the deposition, Special Agent Berrier repeatedly affirmed Defendant's prior statements that he did not record the interview with the Minor Victim (Ex. A at p. 10, ll. 10-12), that he did not tell Plaintiff's counsel that he recorded the interview with the Minor Victim (Ex. A at p. 10, l. 20 - p. 11, l. 15), and that it was not HSI's "policy or practice to record victims at that time" (Ex. A at p. 11, ll. 7-11; p. 15, ll. 8-9; p. 19, ll. 22-25). Moreover, Special Agent Berrier testified that it was the "Salt River detective who recorded an interview with [the Minor Victim]," and that Special Agent Berrier "[does not] have a copy of that." Ex. A at p. 12, l. 23 - p.13, l. 7.

Lastly, Plaintiff argues the search was inadequate because Defendant did not previously inform Plaintiff that it had a copy of Plaintiff's recorded interview in its possession. Doc. 30 at 11. Although Plaintiff's initial FOIA request was for all records related to the ICE HSI investigation, upon commencement of this lawsuit, Plaintiff narrowed her request to obtaining an alleged recording of the Minor Victim. Doc. 16. Following Plaintiff's Response to Defendant's Motion for Summary Judgment, wherein it appeared to Defendant that Plaintiff now requests a copy of her recorded interview, Defendant produced the audio recording of ICE's interview of Mrs. Sharp-Stilliard to her counsel.

As described in the Declaration of Fernando Pineiro, Special Agent Berrier confirmed that no recorded interview of the Minor Victim was located (whether recorded by HSI or any other agency), nor was there reference to an HSI recorded interview of the Minor Victim in HSI's ROIs for the investigation. Doc. 19-1, Ex. 1 at ¶¶ 21, 23, 19. Special Agent Berrier affirmed these statements at his deposition on May 30, 2024. Ex. A at p. 10, ll. 10-12; p. 11, ll. 7-15. And as the Court previously noted, "all the information

about whether there was a recorded interview and what happened to it is in the personal knowledge of one individual, SA Berrier." Doc. 23 at 2. Accordingly, the Court should grant Defendant's Motion for Summary Judgment. Doc. 18.

### B. Plaintiff should not be allowed to withdraw her stipulation as to the adequacy of the search.

Plaintiff contends that the "parties' previous agreement that the issue before the Court is the adequacy of Defendant's search under FOIA was procured through a lack of candor by Defendant's counsel such that Plaintiff should be allowed to withdraw it." Doc. 27 at 3; Doc. 30 at 2. Plaintiff further alleges that "Defendant's counsel never informed Plaintiff's counsel that Defendant intended to take the position in its motion for summary judgment that the audio recording does not exist" and that Plaintiff would not have agreed to the stipulation had she known Defendant denied the existence of a recorded statement. Doc. 27 at 3; Doc. 30 at 2.

The record is not consistent with Plaintiff's allegation that she was unaware that Defendant denied the existence of a recording. *See* Doc 1; Doc. 11; Doc. 16; Doc. 17; Doc. 20; Doc. 20-1. Plaintiff alleged in her Complaint that:

> Upon further information and belief, I.C.E.'s interview of [the Minor Victim] was audio recorded, and the audio recording is contained within I.C.E.'s investigative file into the alleged sexual assault.

Doc. 1 at 3, ¶ 11. Defendant denied that allegation in its Answer, stating:

> Defendant denies the allegations contained in Paragraph 11.

Doc. 11 at 2.

Before agreeing to the stipulation, Plaintiff's counsel communicated the following regarding the stipulation over email (attached as Exhibit B to Plaintiff's Motion to Stay and for Rule 56(d) Relief):

> However, **since it appears that you plan to take the position in the dispositive motion that your search revealed no recorded statement of [the Minor Victim]** (which I already know is incorrect based on my call with HSI agent Austin Berrier . . . then I really cannot agree to the end of April for the filing of the dispositive motion. . . . I ONLY need the [recorded statement] and will waive any other discovery in this case, except as it

pertains to locating and securing production of the [recorded statement]. Doc. 20-1, Exhibit B at 10 (emphasis added).

Following the parties' email communications, the parties stipulated that the sole issues to be briefed at summary judgment included: (1) the adequacy of Defendant's search; and (2) Plaintiff's *allegation* that Defendant, during its investigation into Mrs. Sharp-Stilliard's alleged sexual assault of the Minor Victim, audio recorded an interview of the Minor Victim and that Defendant failed to produce this *alleged* recording. Doc. 16.

Finally, in Plaintiff's Motion to Stay and for Rule 56(d) relief, Plaintiff requested leave to take the deposition of Special Agent Berrier to determine "whether [Special Agent Berrier] ever took a recorded statement of [the Minor Victim] and, if so, where a copy of it can be located." Doc. 20 at 10.

Plaintiff cannot plausibly claim that she was unaware that Defendant denied the existence of a recording. *See* Doc 1; Doc. 11; Doc. 16; Doc. 17; Doc. 20; Doc. 20-1. The Court should deny Plaintiff's request to withdraw from the stipulation and deny Plaintiff's request to proceed with a second motion for summary judgment wherein she will challenge the FOIA withholdings.

### III. CONCLUSION.

The crux of Plaintiff's Complaint is that she did not receive a recorded interview she believes exists, but the adequacy of the search is not determined by the outcome. Following the deposition of Special Agent Berrier, there is no genuine dispute of material fact that Defendant conducted several adequate searches in response to Plaintiff's FOIA request, that Special Agent Berrier did not record an interview with the Minor Victim, and that ICE did not make and does not have a recorded interview of the Minor Victim. There being no genuine issue of material fact in dispute regarding the adequacy of ICE's search for responsive records, and Plaintiff having stipulated to the propriety of the withholdings, summary judgment should be granted to Defendant.

RESPECTFULLY SUBMITTED July 19, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Victoria H. Gray*
VICTORIA H. GRAY
Assistant United States Attorney
*Attorneys for the United States*